

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 15, 2018

**BY ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

   Re:   *United States* v. *Alphonzo Clark*, 18 Cr. 535 (ER)

Dear Judge Ramos:

   The defendant in this case, Alphonzo Clark, is scheduled to be sentenced by Your Honor on December 20, 2018 at 3:00 p.m. The defendant stands convicted of being a felon in possession of ammunition, in violation of Title 18, United States Code, Section 922(g)(1). The Government respectfully submits this letter in connection with the defendant's sentencing and in response to the defendant's sentencing memorandum dated December 6, 2018. As set forth in the plea agreement (the "Plea Agreement"), the parties have stipulated to a United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range of 24 to 30 months' imprisonment (the "Stipulated Guidelines Range"). The Probation Department calculates the same Guidelines range in the Presentence Investigation Report ("PSR"). For the reasons set forth below, a sentence within the Stipulated Guidelines Range of 24 to 30 months' imprisonment would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

   **A. Offense Conduct**

   On January 12, 2018, at approximately 9:15 AM, NYPD Officers (the "Officers") responded to the scene of a shooting (the "Shooting") in the vicinity of a corner store located at 3234 Yates Avenue in the Bronx, New York (the "Corner Store"). PSR ¶ 7. The Officers spoke to a witness ("Witness-1") who stated that Witness-1 was walking to the Corner Store when Witness-1 heard a gunshot. *Id.* After hearing the gunshot, Witness-1 ran into the Corner Store. *Id.* After entering the Corner Store, Witness-1 looked back and saw the defendant, standing near where Witness-1 heard the gunshot. *Id.* Witness-1 then observed the defendant get into a vehicle and drive away. *Id.* The Officers subsequently learned that the defendant discharged the firearm after a domestic dispute, in the parking area behind the deli, while Witness-1 was standing on the sidewalk near the front entrance of the store. *Id.*

## B.  Procedural History

On April 17, 2018, the defendant was charged by complaint with violating Title 18, United States Code, Section 922(g)(1).  The defendant was indicted on July 25, 2018 and charged with the same offense.  On September 14, 2018, the defendant pled guilty to an Information charging the same offense pursuant to the Plea Agreement.  The Plea Agreement calculates the Stipulated Guidelines Range as 24 to 30 months' imprisonment, based on an Offense Level of 15 and a Criminal History Category of III.  The Probation Department calculates the same Guidelines Range in the PSR and recommends a sentence of 12 months' imprisonment.   On December 6, 2018, the defense submitted a sentencing letter ("Deft. Sub."), seeking a below-Guidelines sentence of imprisonment.

## C.  Discussion

### 1.  Applicable Law

The Guidelines still provide important guidance to the Court following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005).  Indeed, although *Booker* held that the Guidelines are no longer mandatory, it also held that they remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing.  *Booker*, 543 U.S. at 264.  As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark."  *Gall* v. *United States*, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(1)–(7).  *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B)  to afford adequate deterrence to criminal conduct;
(C)  to protect the public from further crimes of the defendant; and
(D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

### 2.  A Sentence Within the Guidelines Range Is Appropriate in This Case

A significant sentence of incarceration within the Guidelines range is necessary here to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence to this defendant and other similarly situated individuals, and to protect the public from further crimes of the defendant.  *See* 18 U.S.C. § 3553(a)(2)(A)–(C).  All of these considerations weigh heavily in favor of a sentence within the Guidelines range.

*First*, a sentence within the Guidelines range is necessary to reflect the seriousness of the defendant's conduct, to promote respect for the law, and to provide just punishment.

After a domestic dispute, the defendant discharged a firearm near a busy Bodega in the Bronx at 9:00 AM on a Friday morning.  Not only did the defendant terrify the other individual involved in the domestic dispute, but he also endangered the lives of innocent bystanders. The defendant's heedless actions put multiple people at great risk, none of whom he had any regard for.  The need to incapacitate violent offenders like the defendant who are willing to commit acts of gun violence cannot be overstated.  *See, e.g.*, *United States* v. *Dillard*, 214 F.3d 88, 93 (2d Cir. 2000).  The circumstances of this shooting make clear that the defendant is a violent, dangerous man who lacks self-control.  On the facts here, a below Guidelines sentence is simply not warranted.

*Second*, a sentence within the Guidelines range is necessary to afford adequate deterrence to the defendant and others similarly situated.  The defendant has a lengthy criminal history, including three felony controlled substance offenses.  Most notably, had the defendant's August 1989 conviction been for Criminal Sale of a Controlled Substance in the Third Degree – instead of the Fourth Degree – he would be subject to the Armed Career Criminal Act for the instant offense, *i.e.*, but for a favorable plea agreement in the Bronx, the instant offense would have resulted in a mandatory minimum term of 15 years' imprisonment.  Given the instant conduct, which in and of itself is very troubling, and factoring in the defendant's lengthy criminal record, which spans 20 years, there is simply no basis for a below Guidelines sentence.  As to general deterrence, a sentence within the Guidelines range would send a message to other felons who would consider possessing firearms or ammunition—or even worse, shooting firearms—that such conduct carries very serious consequences.

*Third*, a sentence within the Guidelines range is necessary to protect the public from further crimes by the defendant.  The defendant's conduct in this case indicates that he is violent, dangerous, quick to escalate, and has little regard for the safety or lives of others.  The need to protect the public is of particular concern to the Government in this case.

**D.  Conclusion**

For the reasons set forth above, the Government respectfully submits that a sentence within the Guidelines range of 24 to 30 months' imprisonment would be fair and appropriate in this case.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney


by:  s/
    Jacob Warren
    Assistant United States Attorneys
    (212) 637-2264

cc: Deborah Colson, Esq. (by ECF)